IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARDO CARDONA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-00411 |
| vs. | ) |
| | ) |
| HARRIS & HARRIS, LTD., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Bernardo Cardona, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that contained false or misleading representations in violation of the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from false statements or misrepresentations. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding alleged debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

6. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

7. Plaintiff, Bernardo Cardona ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for medical treatment or services from Northwest Community Hospital. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Harris & Harris, Ltd., ("Harris"), is an Illinois company authorized to conduct business in Illinois. Its registered agent in Illinois is MS Registered Agent Services, 191 West Wacker Drive, Suite 1800, Chicago, Illinois, 60606.

9. Harris acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly collects or attempts to collect defaulted consumer debts originally owed or due or asserted to be owed or due another.

10. Harris is licensed as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

11. Plaintiff incurred three (3) alleged debts for medical services or treatment, originally owed to Northwest Community Hospital. The alleged debts are thus "debts" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debts went into default.

13. Harris subsequently began collecting the alleged debts.

14. In February 2019, Harris reported the alleged debts to the TransUnion credit reporting agency, including an account number and a total balance due for each. (Exhibit A, Redacted Excerpt from Plaintiff's TransUnion Credit Report).

15. The tradelines on the TransUnion report list the "Estimated month and year that this item will be removed" ("Removal Date") as being anywhere from December 2024 to February 2025 for the alleged debts, respectively.

16. The dates of service for the medical services provided all occurred in November and December 2016.

17. Therefore, Harris is threatening to report the alleged debts for more than 8 years.

18. Payment was due and owing "prior to the time of service; or prior to discharge if you have a deductible, co-payment or other self-pay amount due; or if you do not have insurance coverage." Financial Roles and Responsibilities, Northwest Community Healthcare, available at: https://www.nch.org/patients-visitors/fees-and-bill-payment/financial-roles-and-responsibilities (last visited January 17, 2020).

19. Thus, the debts were all in default by February 2017.

20. Under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., a credit bureau (consumer reporting agency) may not report "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. §1681 c(a)(4). The 7-year period "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period **beginning on the date of the commencement of the delinquency** which immediately preceded the collection activity, charged to profit and loss, or similar action." 15 U.S.C. §1681 c(c)(1) (FCRA § 605) (emphasis added).

21. The commencement of the delinquency, according to Northwest Community Healthcare's financial policy, was at the time of service, when Plaintiff was required to pay any amounts he personally owes for medical services (co-pays, uncovered portions, etc.).

22. Thus, the lawful Removal Dates on all three tradelines are should be in June 2024 at the latest.

23. However, Harris reported removal dates of December 2024 and February 2025 for the alleged debts.

24. These removal dates are false.

25. By communicating a false Removal Date 6-8 months past the actual Removal Date, Defendant communicates to the unsophisticated consumer that they are permitted to report the alleged debt to the credit bureaus for an additional 6-8 months, thus further damaging his credit score.

26. Often, debtors will pay or settle an account to avoid the possibility of negative information appearing on their credit reports. For this reason, the right to credit report is a

"powerful tool designed, in part, to wrench compliance with payment terms…." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

27. 15 U.S.C. §1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

28. Defendant made a false representation in violation of 15 U.S.C. § 1692e when it communicated a false Removal Date to Plaintiff and TransUnion.

29. 15 U.S.C. §1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

30. Defendant threatened an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5), when it re-aged an alleged debt to permit credit reporting for a longer period of time.

31. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)). Here, the additional 6-8 months Defendant added to the Date of Delinquency could cause Plaintiff to pay the debt in an effort to avoid an extended period of negative credit reporting.

32. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

34. Defendant made a false representation, in violation of 15 U.S.C. § 1692e, when it communicated a false Removal Date to Plaintiff.

35. Defendant threatened an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5), when it re-aged an alleged debt to permit credit reporting for a longer period of time.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant as follows:

A. Statutory damages for all class members pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

6